UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GERALDINE MCCURRY

    Plaintiff,                    Civil Action No. 14-12114
                                        Honorable Denise Page Hood
          v.                      Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT PETITIONER'S APPLICATION FOR SECTION 406(b) ATTORNEY FEES [R. 20]**

**I.    INTRODUCTION**

Petitioner, Thomas J. Bertino, counsel for Plaintiff, seeks reimbursement for attorney's fees under 42 U.S.C. § 406(b) of the Social Security Act. [R. 20].[1] Specifically, the petitioner requests the full $8,798.13 that the Social Security Administration withheld from Plaintiff Geraldine McCurry's award of past due benefits as potential attorney's fees; that amount represents 25% of McCurry's past due award. [*Id.*, PgID 616]. The Acting Commissioner of Social Security ("Commissioner") does not oppose the amount sought. [R. 24]. By stipulation and order, McCurry

---

[1] This motion was referred to the undersigned by the Honorable Denise Page Hood. [R. 22].

already received attorney's fees in the amount of $4,332.79 pursuant to the Equal Access to the Justice Act (EAJA), 28 U.S.C. § 2412. [R. 19]. If Bertino's motion is granted, he will be required to repay McCurry for the amount that she received under the EAJA. § 406(b).

For the reasons set forth below, the Court **RECOMMENDS** that the petitioner's motion for § 406(b) attorney fees [R. 20] be **GRANTED**, and that the he be ordered to refund the amount previously awarded under the EAJA to McCurry.

## II. ANALYSIS

### a. *Reasonable Fee*

An attorney in a Social Security case may recover up to 25% of past due benefits pursuant to contingency fee agreements, but the amount must be tested for reasonableness, including an assessment of the attorney's record of hours. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). In the Sixth Circuit, there is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991). Here, the petitioner's time sheet

indicates that 23.17 hours were spent on McCurry's case, a period of time that the parties relied upon in their EAJA stipulation, thus evidencing an agreement that the number of hours was reasonable. [R. 20, PgID 622; R. 19]. Further, the Commissioner does not dispute that Bertino's effort warrants an award of $8,798.13. Thus, the Court should find that amount reasonable.

### b. *The 25% Cap Under § 406(a) and § 406(b)*

The parties' only apparent disagreement is whether the 25% cap on attorney's fees under § 406(b)(1)(A) applies to the combined award from the Commissioner under § 406(a) and the court under § 406(b). Petitioner cites to *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261 (6th Cir. 1994), for the proposition that each tribunal may award attorney's fees only for the work done before it. As such, his attached time sheet only reflects work done for McCurry in federal court. The Commissioner responded that "the attorney fee cap of 25 percent of past due benefits applies to the sum of fees under 42 U.S.C. §§ 406(a) and 406(b)." [R. 24, PgID 626 (citing *Guido v. Schweiker*, 775 F.2d 107, 108 (3d Cir. 1985)].

The Commissioner's reliance on Third Circuit precedent in her assertion is misplaced, because the Sixth Circuit lies on the other side of a circuit split on this issue. *Black v. Colvin*, ___ F.Supp.3d ___, 2015 WL

6664159, at *3-4 (E.D. Pa. Nov. 2, 2015) (noting circuit split and Sixth Circuit's alignment with the "majority view"). As stated by the *Horenstein* court:

> [I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee— limited to 25 percent of past-due benefits—for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings.

*Horenstein*, 35 F.3d at 262. Thus, the petitioner may seek additional attorney's fees before the Commissioner without regard to the 25% cap, subject to the restrictions under 42 U.S.C. § 406(a)(2)(A).

### c. *The Disposition of Attorney's Fees*

Unlike payments provided for under the EAJA, § 406(b) attorney's fees are paid directly to the attorney-petitioner, with no regard to pre-existing debts. See 42 U.S.C.A. § 406(b)(1)(A); *see also Astrue v. Ratliff*, 560 U.S. 586, 595 (2010). Therefore, the amount of $8,798.13 should be paid directly to the petitioner out of the past due benefits. 42 U.S.C.A. § 406(b)(1)(A). The petitioner must then refund the lesser award of attorney's fees – in this case, the $4,332.79 awarded pursuant to the EAJA – to McCurry. *Astrue*, 560 U.S. at 595-56.

## III.  CONCLUSION

For the preceding reasons, the Court **RECOMMENDS** that the petitioner's motion for § 406(b) attorney fees [R. 20] be **GRANTED**, that Bertino be awarded $8,798.13 in attorney's fees, and that he be ordered to refund McCurry the EAJA award of $4,332.79.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 15, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 15, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
